

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

Writer's Direct Dial: (2

> Plaintiff is directed to file a response to Defendants' October 13, 2023 letter (Doc. 36) by October 19, 2023 at 5:00 p.m. The Court shall hold a discovery conference on October 23, 2023 at 3:30 p.m. in Courtroom 520 of the White Plains Courthouse.
>
> **SO ORDERED.**
>
> _____
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>          October 17, 2023

**Via ECF**
Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:  *Reese v. Williamson, et al.*, 22 CV 10494 (PMH)

Dear Judge Halpern:

I write on behalf of Defendants Robert Williamson, Steven Drapala, Richard Bodnar, Justin Friedlander, Clifford Donovan, Danny Lawrence, Joseph Burns, Robert Garcia, Michael Padgett, Glenroy Riley and Andrew Milyko (collectively, "Defendants"). The parties have met and conferred regarding the scheduling of Plaintiff's deposition, and the undersigned certifies that Defendants have, in good faith, attempted to obtain the deposition of Plaintiff without court action. Defendants write, with Plaintiff's consent, to request a brief extension of the discovery deadline to October 27, 2023 for the limited purpose of conducting Plaintiff's deposition. In addition, Defendants respectfully move, pursuant to Federal Rule of Civil Procedure 37, for an order compelling Plaintiff Claude Reese to attend his own deposition by a date certain on or before October 27, 2023, or have his claim dismissed pursuant to Rule 41(b). While Plaintiff does not join in this request, Defendants alerted Plaintiff's counsel ("Counsel") of their intent to file this letter requesting the Court's conditional order of dismissal.

In its Civil Case Discovery Plan and Scheduling Order ("Scheduling Order"), dated June 26, 2023, the Court ordered fact discovery in this matter to be completed by October 24, 2023. (Dkt. No. 28). Depositions were to be completed by October 17, 2023. (*Id.*). This Office first attempted to schedule a deposition on a mutually agreeable date with Plaintiff on August 23, 2023. (Dkt. No. 31 at Ex. D). On September 13, 2023, Defendants noticed Plaintiff's deposition to take place on October 13, 2023. (*Id.* at Ex. E). Plaintiff's counsel then represented to the Court on September 26, 2023, that they would arrange for his deposition on October 13, 2023. (Dkt. No. 33 at p. 4). While the parties continued to confer regarding logistics for the deposition, Plaintiff's counsel indicated for the first time on October 10, 2023 that they had been unable to confirm the date and time with Plaintiff. Defendants proposed rescheduling the deposition to October 16, 2023, in an effort to accommodate Plaintiff, but were informed by Plaintiff's counsel that, because they had been unable to reach Plaintiff, they could not confirm that date either.

While the Scheduling Order provides that interim deadlines, including the deadline for depositions, may be extended by written consent of all parties without application to the Court (Dkt. No. 28), Counsel was unable to provide a date on which Plaintiff's deposition could be scheduled prior to the close of discovery on October 24, 2023.

At this point in the litigation, Defendants have substantially complied with their discovery obligations in this matter,[1] but the inability to take Plaintiff's deposition has brought Defendants' factfinding to a standstill, prejudicing their ability to mount a defense.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an

---

[1] Outstanding discovery on Defendants' part is contingent on Defendants receiving signed medical releases from Plaintiff and agreement with Plaintiff's counsel for a protective order regarding certain documents. Though they were first propounded on August 23, 2023 (Dkt. No. 31 at Ex. D), Plaintiff has, thus far, failed to return any signed medical releases to-date. Upon Plaintiff's counsel's request, they were provided again on October 10, 2023.

Hon. Philip M. Halpern
Page 3 of 3

action or claim if the plaintiff fails to prosecute or comply with the rules or a court order. Fed. R. Civ. P. 41(b). Similarly, Rule 37(d) specifically permits a court to dismiss an action if a party fails to attend his own deposition. Fed. R. Civ. P. 37(d)(3); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) (affirming dismissal of plaintiff's complaint following repeated failures to appear at his own deposition).

      This Office is mindful that outright dismissal is a harsh remedy, but counsel for both parties have expended considerable resources at this point. In light of this information and considering the upcoming fact and expert discovery deadlines, this Office now moves for an order directing Plaintiff to attend his own deposition on a date certain prior to October 27, 2023, or have his action dismissed with prejudice.

      Thank you for your consideration herein.

      Respectfully,

/s/ S. Cynthia Luo
S. Cynthia Luo
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8037
cynthia.luo@ag.ny.gov

cc:    Edward Sivin
       Sivin & Miller LLP
       20 Vesey Street
       Suite 1400
       New York, NY 10007
       *Attorneys for Plaintiff*