UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CLAUDE REESE,                                                    22 CV 10494 (PMH)

                Plaintiff,                          **STIPULATION OF
                                                                 CONFIDENTIALITY AND
                                                                 <u>PROTECTIVE ORDER</u>**

      -Against-

ROBERT WILLIAMSON, et al.,

                Defendants.
-----------------------------------------------------------X

WHEREAS, discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order; or (b) contain information that is confidential under state or federal law,

IT IS HEREBY STIPULATED AND AGREED that:

1.      The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.      Defendants may designate as confidential documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendants or DOCCS believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material" or "Attorneys' Eyes Only" but not limited to the below, as set forth in Paragraphs 4 and 6. The designation of any document as "Confidential Material" or "Attorneys' Eyes Only" must be apparent on the face of each page of the document created by either a watermark or bates-stamp,

unless the material is a photograph, audio or video recording in which the designation may be given in writing by counsel for either party.

### *Materials Covered*

3.     This Protective Order shall apply to all information and materials produced or disclosed during the course of the above-captioned action (the "Action"), by Defendants, DOCCS, or Plaintiff's counsel, including but not limited to information produced or disclosed:

a.     In any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other writing;

b.     In testimony given in a deposition by a witness or Party, and any transcript copies, or summaries of such information; or

c.     Through any other manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things possessed by Defendants or DOCCS or Plaintiff.

### *Confidential Material*

4.     Any party may designate as confidential any information, document, or thing, or portion of any document or thing produced by that party, the disclosure of which that party believes would contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material," including but not limited to the following:

a.     Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

b.     All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable

2

information concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, with the exception of Plaintiff, to the extent that it is not statutorily prohibited, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

     c.   All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the State of New York (including without limitation, the Department of Corrections and Community Supervision), including but not limited to documents reflecting any disciplinary proceedings, performance evaluations, and counselings of any personnel of DOCCS, unless already possessed by a party or witness;

     d.   Any documents and information which counsel for all parties agree should be considered Confidential Material;

     e.   Any other records that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public;

     f.   Any documents and information which counsel for a party designates as "Confidential Material" and to which counsel for the other party does not object; and

     g.   Testimony about the documents and information covered by Paragraph 4(a)-(h).

5.    Access to the Confidential Material shall be limited to:

a.   The Parties in this action;

b.   Counsel with whom a party has a joint defense or common interest agreement, provided such counsel executes the annexed Certification;

     c.   Employees and independent contractors of the respective attorneys for Plaintiff or

Defendants who have responsibility for the preparation or trial of this action, or any appeal thereof;

d.   The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

e.   Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

f.   Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

g.   The Court.

## Attorneys' Eyes Only

6.   Defendants may further designate Confidential Material as "Attorneys' Eyes Only" documents in the following categories:

a.   Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counselings;

b.   All maps, blueprints, photographs, drawings, schematics, and any other written depiction or description of any DOCCS correctional facilities;

c.   All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

d.   All DOCCS training materials for corrections officers, sergeants, lieutenants,

4

captains, or deputy superintendents that refer to or concern correctional or institutional safety, security, or good order;

e.   Documents that contain impressions, opinions and/or conclusions of DOCCS staff, or that contain information concerning persons other than Plaintiff;

f.   Any information of a personal or intimate nature regarding any individual;

g.   Any other records that Defendants or DOCCS believe in good faith would compromise the safety, institutional security, and good order of a DOCCS facility if disclosed to an incarcerated individual in the custody of DOCCS, a former incarcerated individual, and/or the general public; and

h.   Any documents and information which counsel for a party designates as Attorneys' Eyes Only and to which counsel for no other party objects.

7.   Access to Attorneys' Eyes Only material shall be limited to:

a.   Attorneys for Plaintiff;

b.   Attorneys for Defendants;

c.   Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

d.   The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

e.   Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

f.    Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

g.    The Court.

8.    In the event that there are any depositions taken in this Action, the transcripts of those depositions will be treated as Confidential Material and Attorneys' Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Attorneys' Eyes Only any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material and/or Attorneys' Eyes Only.

9.    As to Confidential Material only, counsel for Plaintiff may allow Plaintiff to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiff shall not retain copies of Confidential Material.

10.    As for Attorneys' Eyes Only material, Plaintiff's counsel may not show or provide copies of Attorneys' Eyes Only material to Plaintiff, nor may they discuss Attorneys' Eyes Only material with Plaintiff.

11.    An inadvertent failure to designate Confidential Material or Attorneys' Eyes Only Material may be corrected by supplemental written notice given as soon as practicable; however, no Party shall be deemed in violation of this Agreement for the dissemination or use of material not designated "Confidential Material" or "Attorneys' Eyes Only" prior to such designation.

12.    Nothing in this Agreement shall be construed to allow the designation as

"Confidential" or "Attorneys' Eyes Only" on any documents already collected or produced by any party without such designation through the date of this Agreement.

13.     To the extent Plaintiff's counsel obtained copies of documents described in Paragraphs 4 and 6 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order.

14.     Notwithstanding the treatment as Confidential Material and/or Attorneys' Eyes Only material of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee or incarcerated individual who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

15.     Confidential Material and/or Attorneys' Eyes Only shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

16.     No person receiving Confidential Material and/or Attorneys' Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

17.     The Confidential Material and Attorneys' Eyes Only Material shall not be disclosed in open court without first affording the designating party's counsel an opportunity to contest

7

disclosure and/or admissibility of the Confidential Material or Attorneys' Eyes Only Material. Nothing in this Stipulation of Confidentiality and Protective Order shall render otherwise admissible evidence inadmissible, subject only to the Court's taking action to preclude disclosure of such evidence to anyone other than the jury, the Court itself, and such other persons that the Court deems appropriate.

18.     If a party in good faith objects to the designation of any document as Confidential or Attorneys' Eyes Only Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential Material or Attorneys' Eyes Only Material within 30 days of the objecting party's receipt of the Confidential Material or Attorneys' Eyes Only Material. Counsel shall in good faith attempt to resolve such conflict. If—after a meet and confer held within a reasonable period of time after the written objection— the parties cannot agree, the party seeking to maintain confidentiality may move for a protective order pursuant to Federal Rule Civil Procedure 26 within 30 days of receipt of the written objection. If after 30 days (or any additional time if an extension was requested and granted) after receipt of the receiving party's written objection, the designating party has not moved for a protective order, the designations will be deemed null and void. Any disputed documents shall be treated as Confidential Material or Attorneys' Eyes Only Material pursuant to their affixed designation until the parties resolve the conflict, the Court issues its ruling regarding the conflict or the time frame to move for a protective order has lapsed.

19.     Confidential Material and/or Attorneys' Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential Material and/or Attorneys' Eyes Only material or that

contain Confidential Material and/or Attorneys' Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

20.     In the event that Plaintiff's counsel intends to file with the Court any papers that attach or enclose documents containing Confidential Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material obtained from such documents, including deposition transcripts, Plaintiff's counsel shall serve notice of such intention upon Defendants' counsel, identifying by Bates numbers the documents to be filed, not less than ten (10) business days prior to the filing thereof, to give Defendants the opportunity to request or move the Court to direct that such documents be filed under seal, provided, however, that such notice shall not be construed as a waiver of the attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity.

21.     Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

22.     Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or disclosed in any manner to any person who is or was

9

an incarcerated individual in the custody of DOCCS, <u>except for</u> Plaintiff for purposes of trial preparation. Disclosure of Confidential Material to Plaintiff shall be subject to Paragraph 9 above.

23.     Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorneys' Eyes Only material shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, <u>including</u> Plaintiff.

24.     Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure.

25.     Confidential Material and/or Attorneys' Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

26.     Within six months of the conclusion of this Action, including resolution of any appeals, Plaintiff's counsel shall either destroy or return to designating counsel all Confidential Material or Attorneys' Eyes Only Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Material or Attorneys' Eyes Only Material, in whole or in part, and any copies made therefrom except to the extent any such destruction may conflict with counsels' obligations under the New York State Code of Professional Responsibility or in counsel's judgment may affect his/her ability to defend him/herself against a potential

malpractice or disciplinary action.

27.    Nothing in this Order shall foreclose DOCCS and the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 4 and 6 herein.

Dated: New York, New York

_____10/20/2023_____, 2023

**SIVIN & MILLER, LLP**
Attorney for Plaintiff

By: _____
   Edward Sivin
   Sivin, Miller & Roche, LLP
   20 Vesey Street, Suite 1400
   New York, NY 10007
   (212) 349-0300

**LETITIA JAMES**
Attorney General, State of New York
Attorney for Defendants

By: _____
   S. Cynthia Luo
   Assistant Attorney General
   28 Liberty Street
   New York, NY 10005
   (212) 416-8037

**SO ORDERED.**

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        October 25, 2023

## <u>CERTIFICATION</u>

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Reese v. Williamson, et al.*, 22 CV 10494 (PMH) currently pending in the United States District Court for the Southern District of New York.  I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.


Dated: _____

                                           _____
                                           SIGNATURE

                                           _____
                                           PRINT NAME

                                           _____

                                           _____
                                           ADDRESS

                                           _____
                                           TELEPHONE NUMBER