UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CLAUDE REESE,

                         Plaintiff,

   -against-

ROBERT WILLIAMSON,
STEVEN DRAPALA,
RICHARD BODNAR,
JUSTIN FRIEDLANDER,
CLIFFORD DONOVAN,
DANNY LAWRENCE,
JOSEPH BURNS,
ROBERT GARCIA,
MICHAEL PADGETT,
GLENROY RILEY and
ANDREW MILYKO,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PROPOSED JOINT PRE-TRIAL ORDER**

22 Civ. 10494 (PMH)

The parties hereby submit this Proposed Joint Pre-Trial Order.

**i.**    **The full caption of the action.**

The caption of the action is as above.

**ii.**    **The amount of trial time that each party anticipates needing for their case in chief.**

Plaintiff anticipates needing two days to complete his case in chief. Defendants anticipate needing two days to complete their case in chief.

**iii.**    **The names, addresses (including firm names), email addresses, and office and mobile telephone and fax numbers of trial counsel.**

Trial counsel for Plaintiff:

Glenn Miller
Sivin, Miller & Roche, LLP
20 Vesey Street, Suite 1400
New York, NY 10007
Office Tel: (212) 349-0300
Cell phone: (914) 582-1807
Email: gmiller@sivinandmiller.com
Fax: (212) 406-9462

Trial counsel for Defendants:

S. Cynthia Luo & Ian Ramage
Assistant Attorneys General
Office of the Attorney General
28 Liberty Street, 18th Floor
New York, NY 10005
Office Tel: (212) 416-8037/8659
Email: cynthia.luo@ag.ny.gov
          ian.ramage@ag.ny.gov

**iv.   A brief statement by Plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other Party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all authority relied on and relevant facts as to citizenship and jurisdictional amount.**

For Plaintiff: This action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's federal civil and constitutional rights; specifically, rights guaranteed under the First and Eighth Amendments to the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343, which provides for original jurisdiction over all actions brought pursuant to § 1983, and by 28 U.S.C. § 1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

For Defendants: Defendants do not dispute subject matter jurisdiction.

**v.   A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such statements shall include all claims and defenses previously asserted which are not to be tried.**

For Plaintiff: Plaintiff alleges that on May 1, 2020, while he was incarcerated at Otisville Correctional Facility, he was subjected to a use of excessive force by defendants Robert Williamson, Steven Drapala, Richard Bodnar, Justin Friedlander, Clifford Donovan, Danny Lawrence, Joseph Burns, Robert Garcia, and Michael Padgett, in violation of his Eighth Amendment right not to be subject to cruel and unusual punishment.

Plaintiff further asserts that each of these Defendants, in addition to Defendants Glenroy Riley and Andrew Milyko, deliberately failed to intervene to prevent and/or stop this use of excessive force by their fellow officers, despite having reasonable opportunities to do so.

Plaintiff further asserts that on May 1, 2020, Defendants Robert Williamson and Justin Friedlander issued false misbehavior reports to Plaintiff in retaliation for Plaintiff having exercised his First Amendment right of free speech and his right to petition the government for redress of grievances.

For Defendants: Defendants Williamson and Friedlander deny that the force used against Plaintiff was excessive. Defendants Williamson and Friedlander assert that the level of force used against Plaintiff was reasonable and necessary under the circumstances, and that Plaintiff's injuries were a direct result of Defendants Williamson and Friedlander's reasonable and necessary use of force. Defendants Drapala, Bodnar, Donovan, Lawrence, Burns, Garcia, and Padgett deny that they used any force against Plaintiff. All Defendants deny that they failed to intervene in the use of excessive force. In the alternative, Defendants may be entitled to qualified immunity on Plaintiff's claim. Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury. If applicable, Defendants will prepare proposed special interrogatories for the jury, based on the evidence presented at trial, prior to the charge conference. See Cowan v. Breen, 352 F.3d 756, 764-65 n. 8 (2d Cir. 2003).

**vi.     A statement by each Party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

The parties agree this case is to be tried with a jury. The anticipated length of the trial will be four days.

**vii.    A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties have not all consented to trial of the case by a magistrate judge.

**viii.   Any stipulations of fact or law that have been agreed to by the parties.**

The parties agree to the following stipulations of fact:

1. On May 1, 2020, Plaintiff was incarcerated at Otisville Correctional Facility.

2. On May 1, 2020, Defendants Robert Williamson, Steven Drapala, Andrew Milyko, Justin Friedlander, Clifford Donovan, Danny Lawrence, Joseph Burns, Robert Garcia, and Michael Padgett were all employed by the New York State Department of Corrections and Community Supervision (DOCCS) as officers at Otisville Correctional Facility.

3. On May 1, 2020, Defendants Glenroy Riley and Richard Bodnar were employed by DOCCS as correction sergeants.

4. On May 1, 2020, Plaintiff was involved in a use-of-force incident at Otisville Correctional Facility.

5. On May 1, 2020, two misbehavior reports were issued to Plaintiff.

6. Plaintiff never made any grievances or complaints about the conditions of his confinement, formal or informal, directly to Defendants Williamson or Friedlander.

7. Defendant Robert Williamson began at Otisville Correctional Facility on 9/30/1993, transferred to Eastern Correctional Facility on 4/14/2014, and then transferred back to Otisville on 2/4/2019.

The parties agree to the following statements of law:

1. Without conceding that Plaintiff has any valid claims pursuant to 42 U.S.C. § 1983, all parties stipulate that, at all times relevant herein, all Defendants were acting under color of state law.

**ix.     A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, the amount of court time needed for each witness, and a statement as to whether any other party objects to the witness.**

Plaintiff intends to offer testimony from the following witnesses:[1]

| Witness | Role/Subject Matter | Est. Court Time | Objection |
|---|---|---|---|
| Claude Reese | Plaintiff / The underlying incident | 60 minutes | |
| Robert Williamson | Defendant / The underlying incident | 30 minutes | |
| Steven Drapala | Defendant / The underlying incident | 15 minutes | |
| Richard Bodnar | Defendant / The underlying incident | 30 minutes | |
| Justin Friedlander | Defendant / The underlying incident | 30 minutes | |
| Clifford Donovan | Defendant / The underlying incident | 10 minutes | |
| Danny Lawrence | Defendant / The underlying incident | 5 minutes | |
| Joseph Burns | Defendant / The underlying incident | 15 minutes | |
| Robert Garcia | Defendant / The underlying incident | 15 minutes | |
| Michael Padgett | Defendant / The underlying incident | 15 minutes | |
| Glenroy Riley | Defendant / The underlying incident | 15 minutes | |
| Andrew Milyko | Defendant / The underlying incident | 15 minutes | |
| Tanisha Harris | OSI Investigator / Investigation into the underlying incident | 10 minutes | 403: Confusion of issues and prejudice |
| Gregory Radcliffe (96A7960) (To testify remotely) | Inmate in 118-2 and Witness / The underlying incident | 12.5 minutes | |
| Reuben Febus | OSI Investigators / The statement taken by them of Luis Torres | 10 minutes | 403: Confusion of issues and needlessly |

---

[1] While Plaintiff has made small adjustments below to the intervals of time he expects each witness to testify, the sum total of time anticipated for all of Plaintiff's witnesses to testify complies with this Court's directions at the May 6, 2024 pre-trial conference. *See* ECF No. 62.

|  |  |  |  |
|---|---|---|---|
|  |  |  | cumulative testimony |
| Nurse Page | Treated Plaintiff's Injuries / The underlying incident and treatment to Plaintiff's injuries rendered | 10 minutes |  |
| Doctor Gage | Treated Plaintiff's Injuries / The underlying incident and treatment to Plaintiff's injuries rendered | 10 minutes |  |
| Asia Reese | Plaintiff's Wife / The underlying incident | 10 minutes | 401: Relevance; 403: Prejudicial & duplicative 602: Personal knowledge; 801: Hearsay |

Defendants intend to offer testimony from the following witnesses:

| Witness | Role/Subject Matter | Est. Court Time | Objection |
|---|---|---|---|
| Robert Williamson | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 20 minutes | |
| Steven Drapala | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 20 minutes | |
| Richard Bodnar | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 20 minutes | |
| Justin Friedlander | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 20 minutes | |
| Clifford Donovan | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 20 minutes | |
| Danny Lawrence | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 20 minutes | |
| Joseph Burns | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 15 minutes | |
| Robert Garcia | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 15 minutes | |
| Michael Padgett | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 15 minutes | |
| Glenroy Riley | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Sergeant and his duties and responsibilities | 15 minutes | |
| Andrew Milyko | Defendant / To testify about his actions and observations on May 1, 2020, as well as his training to be a Correction Officer and his duties and responsibilities | 15 minutes | |
| C.O. Wayne June | Correction Officer / To testify about his actions and observations on May 1, 2020 | 10 minutes | |

x. **For testimony to be taken from unavailable witnesses pursuant to Fed. R. Civ. P. 32(a)(4), a page and line designation by each party of witness deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

For Plaintiff:

| Witness | Page/Line Designation(s) | Cross-Designation(s)/Objection(s) |
|---|---|---|
| Curtis Howland | 13:10-22 | |
| Curtis Howland | 15:11-16:19 | |
| Curtis Howland | 24:8-25:23 | |
| Curtis Howland | 26:18-30:9 | |
| Curtis Howland | 30:10-31:15 | |
| Curtis Howland | 31:16-32:24 | |
| Curtis Howland | 32:24-37:25 | 401: Relevance as to 37:7-25. |
| Curtis Howland | 38:4-6 | 401: Relevance |
| Curtis Howland | 38:13-41:8 | 401: Relevance |
| Curtis Howland | 41:19-44:24 | |
| Curtis Howland | 44:3-45:7 | |
| Curtis Howland | 45:11-48:18 | |
| Curtis Howland | 48:19-49:6 | |
| Curtis Howland | 49:12-53:17 | |
| Curtis Howland | 54:21-64:5 | |
| Curtis Howland | 65:9-15, 23-25 | |
| Curtis Howland | 66:11-14 | |
| Curtis Howland | 67:2-68:5, 12-15 | |
| Curtis Howland | 68:23-69:1 | 401: Relevance |
| Curtis Howland | 69:11-23 | 401: Relevance |

For Defendants: None.

**xi.** A list by each party of exhibits to be offered in its case in chief, with a notation indicating the basis for admissibility of each exhibit with citation to Fed. R. Evid., as well as a notation indicating exhibits to which there is an objection and the basis therefor. The failure to include a notation and basis may be deemed a waiver of any objection.

Joint Exhibits:

| EX. | Description | Bates Range |
|---|---|---|
| A | Plaintiff's Misbehavior Reports | REESE-DEF 000023 – 000025 |
| B | Inmate Injury Report | REESE-DEF 000036 |
| C | Use of Force Reports | REESE-DEF 000026 – 000032 |
| D | Phone call from Plaintiff Claude Reese to Asia Reese, dated May 1, 2020 | REESE-DEF 000398 |
| E | Orange Regional Medical Center Chart | REESE-DEF 000214 – 000242 |
| F | Photos of Plaintiff, taken on May 1, 2020 | REESE-DEF 000042 |

For Plaintiff:

| Ex. No. | Description | Bates No(s). | Basis | Objections |
|---|---|---|---|---|
| P01 | Transcript of phone call from Plaintiff Claude Reese to Asia Reese | N/A | FRE 401 | 403: Duplicative and prejudicial; 801: Hearsay |
| P02 | Phone call from Luis Torres to Asia Reese, dated May 1, 2020 | DEF 399 | •FRE 401 •FRE 803 | 403: Prejudicial; 602: Personal knowledge; 801: Hearsay |
| P02A | Transcript of phone call from Luis Torres to Asia Reese | N/A | •FRE 401 •FRE 803 | 403: Duplicative and prejudicial; 602: Personal knowledge; 801: Hearsay |
| P03 | Phone call from Luis Torres to his father, dated May 1, 2020 | DEF 400 | •FRE 401 •FRE 803 | 403: Prejudicial; 602: Personal knowledge; 801: Hearsay |
| P03A | Transcript of phone call from Luis Torres to his father | N/A | •FRE 401 •FRE 803 | 403: Prejudicial; 602: Personal knowledge; 801: Hearsay |

| | | | | |
|---|---|---|---|---|
| P05 | Use of Force photos of Defendant Friedlander | DEF 43-45 | •FRE 401<br>•FRE 803 | |
| P06 | Use of Force photo of Defendant Williamson | DEF 39 | •FRE 401<br>•FRE 803 | |
| P07 | Photos of 118-2 dorm and draft area | DEF 386-397 | •FRE 401<br>•FRE 803 | 401: Relevance |
| P08 | Escort video taken from reception to van | DEF 359 | •FRE 401<br>•FRE 803 | 401: Relevance |
| P09 | Escort video taken inside van en-route to hospital | DEF 360 | •FRE 401<br>•FRE 803 | 401: Relevance |
| P10 | Escort video taken inside van on hospital grounds | DEF 361 | •FRE 401<br>•FRE 803 | 401: Relevance |
| P11 | Escort video of van arriving at hospital entrance | DEF 362 | •FRE 401<br>•FRE 803 | 401: Relevance |
| P12 | Escort video depicting Plaintiff already outside of van (3 seconds) | DEF 363 | •FRE 401<br>•FRE 803 | 401: Relevance |
| P13 | Unusual Incident Report | DEF 120-124 | •FRE 401<br>•FRE 803 | |
| P14 | Logbook for 118-2 | DEF 366-370 | •FRE 401<br>•FRE 803 | |
| P15 | Logbook for 121-2 | DEF 382-386 | •FRE 401<br>•FRE 803 | |
| P16 | To/From Memorandum from Howland to Bodnar, dated May 1, 2020 | DEF 34, 135 | •FRE 401<br>•FRE 803 | 801: Hearsay |
| P17 | To/From Memorandum from Howland to Bodnar, dated May 11, 2020 | DEF 148 | •FRE 401<br>•FRE 803 | 801: Hearsay |
| P18 | Use of Force Report-Part B-Addendum, dated May 1, 2020 | DEF 127, 210-211 | •FRE 401<br>•FRE 803 | |
| P19 | Inmate pedigree sheet | DEF 037 | •FRE 401<br>•FRE 803 | 401: Relevance;<br>801: Hearsay |
| P20 | Employee injury Report—Williamson, dated May 1, 2020 | DEF 143 | •FRE 401<br>•FRE 803 | |
| P21 | Employee injury Report—Friedlander | DEF 41 | •FRE 401<br>•FRE 803 | |
| P22 | Ambulatory Health Record | DEF 212-213; PLF 840-855 | •FRE 401<br>•FRE 803 | |
| P23 | Request & Report of Consultation | DEF 207 | •FRE 401<br>•FRE 803 | |

| P24[2] | UHS Wilson Memorial Hospital Records | DEF 467-1062 | •FRE 401<br>•FRE 803 | |
| P25 | Portions of deposition transcript of Howland | N/A | •FRCP 32(a)<br>•FRE 401<br>•FRE 803 | Specific objections noted above. |

For Defendants: None.

**xii.   A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.**

Plaintiff seeks against all Defendants compensatory damages for his pain and suffering and loss of enjoyment of life, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this lawsuit.

Defendants seek dismissal of all remaining causes of action, as well as costs and disbursements of defending the lawsuit.

**xiii.   A statement as to whether the parties consent to a less than unanimous verdict.**

The parties do not consent to less than a unanimous verdict.

Dated:  New York, New York
        July 22, 2024

**SIVIN, MILLER & ROCHE, LLP**
Attorney for Plaintiff

/s/ Glenn Miller
By: Glenn Miller
20 Vesey Street, Suite 1400
New York, NY 10007
(212) 349-0300
Email: gmiller@sivinandmiller.com

**SO ORDERED**:

**LETITIA JAMES**
Attorney General of the State of New York
Attorney for Defendants

/s/ S. Cynthia Luo
By: S. Cynthia Luo
Ian Ramage
Assistant Attorneys General
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-8037/8659
Email: cynthia.luo@ag.ny.gov
ian.ramage@ag.ny.gov

_____
Philip M. Halpern, U.S.D.J.

---

[2] Exhibit added in light of the Court's determination at the May 6, 2024 pre-trial conference that it intends to charge mitigation of damages. *See* ECF No. 62.